NOT DESIGNATED FOR PUBLICATION

No. 121,654

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHANE DANIEL BUTLER,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed April 17, 2020. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., LEBEN, J., and MCANANY, S.J.

PER CURIAM: Shane Butler appeals the district court's decision to send him to prison after he violated several conditions of his probation. On Butler's motion, we accepted this appeal for summary disposition under K.S.A. 2019 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47).

Here, Butler admitted that he committed new crimes while on probation, so the district court had the discretion to revoke probation and impose his underlying prison sentence rather than giving him another chance at probation. When a decision is within the district court's discretion, we generally can reverse only if no reasonable person would agree with the decision. The court had given Butler multiple chances at probation, and a reasonable person could agree with the court that Butler was not taking them

1

seriously and was not a good candidate for continued probation. So we affirm the district court's judgment.

The facts here are simple. Butler entered a plea agreement for two criminal cases: 17 CR 2494 and 18 CR 58. This appeal involves 17 CR 2494, a case in which Butler received probation following his convictions for criminal use of a financial card. He also received probation in 18 CR 58 for forgery crimes. Butler received a controlling sentence for both crimes of 18 months' probation, subject to a 1-year underlying prison sentence if his probation was ever revoked.

A few months later, Butler pleaded guilty in a third case, 18 CR 1316, to new crimes of aggravated assault, fleeing or trying to elude, interference with a law enforcement officer, and forgery. For those crimes, he received 24-months' probation with a 46-month underlying prison sentence. Because he committed these crimes while on probation for his other cases, the district court found that he had violated probation in 17 CR 2494 and 18 CR 58. The court continued Butler's probation with modifications, assigning him to community corrections for supervision and ordering him to serve a three-day jail sanction. *State v. Butler*, No. 121,251, 2020 WL 961920, at \*1 (Kan. App. 2020) (unpublished opinion).

About six months later, the State alleged that Butler violated his probation in all three cases by committing new crimes. Butler admitted to these violations and asked the court to impose a 30- or 120-day jail sanction followed by drug treatment rather than sending him to serve his underlying prison sentence. The district court denied that request, revoked his probation, and ordered that Butler serve a modified nine-month prison sentence. Butler appealed the district court's decision in all three cases. Our court recently affirmed the district court's decision in two of those cases—18 CR 58 and 18 CR 1316. 2020 WL 961920, at \*2.

2

Butler raises the same argument in this appeal in 17 CR 2494 as he did in his other appeals—that the district court abused its discretion by revoking probation and imposing his underlying prison sentence.

Because he raises the same argument, we apply the same legal rules. A district court's decision to revoke probation must be based on a factual finding that the defendant violated a condition of probation. Once a violation has been established, the decision to revoke probation is within the discretion of the district court. *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008); see *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001).

That discretion is limited by the statute governing probation revocation, which the Legislature recently amended. L. 2019, ch. 59, § 10. That amendment went into effect July 1, 2019, a few months after the district court revoked Butler's probation, so there is no need to discuss those changes here.

Under the earlier version of the statute, the district court had to impose intermediate sanctions before ordering that a defendant serve the underlying prison term. K.S.A. 2018 Supp. 22-3716(b)-(c). But this is not required when the defendant commits a new crime while on probation. K.S.A. 2018 Supp. 22-3716(c)(8)(A). Here, because Butler admitted that he committed new crimes while on probation, the district court did not have to impose any intermediate sanctions, and we review its decision to revoke his probation for abuse of discretion. Unless the district court has made a legal or factual error, we may find an abuse of discretion only when no reasonable person would agree with the decision made by the district court. *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017). Because Butler has not alleged that the district court's decision was based on a factual or legal error, he must show that it was unreasonable.

3

We find nothing unreasonable about the district court's decision to revoke Butler's probation. Butler received a second chance at probation after he committed new crimes for which the court could have imposed his underlying sentence. Butler says he should get another chance at probation so he can seek drug treatment. Yet as we noted in his other appeal, he could have sought treatment earlier but chose not to do so. *Butler*, 2020 WL 961920, at *2.

When Butler committed more new crimes, a reasonable person could agree with the district court that Butler was not a good candidate for continued probation because he did not take his second chance seriously. Thus, we find no abuse of discretion in the district court's decision to revoke Butler's probation and impose a reduced nine-month prison sentence.

Affirmed.